```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-81413-CIV-DIMITROULEAS
                              MAGISTRATE JUDGE P.A. WHITE
```

DARREL E. CUMMINGS,              :

      Plaintiff,            :

v.                               :         REPORT OF
                                           MAGISTRATE JUDGE
NEW ENGLAND COMPOUNDING
CENTER, ET AL.,                  :

      Defendants.           :
_____

## I. Introduction

The pro-se plaintiff, Darrel E. Cummings, filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking monetary and injunctive relief for denial of adequate medical treatment.(De#1) The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

            \* \* \*

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 837 (11 Cir. 2004). While <u>Fed.R.Civ.P.</u> 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1367 (11 Cir. 1998); <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11 Cir. 1992), <u>cert. denied sub nom. Deutcsh v. Oladeinde</u>, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 703 (11 Cir. 1985).

    B.  <u>Factual Allegations</u>

The plaintiff has ignored the Federal Rules of Civil Procedure requiring a short plain statement as to each defendant, and has submitted thirty-five (35) typewritten pages. The plaintiff names defendants Barry Caden, CEO of the New England Compounding Center, Warden Tom Levins, Ms. Finnisse, Health Administrator, Drs. J. Dauphin and Jules Heller, employed at South Bay, and Robert Lins, an Orthopedic Specialist in West Palm Beach, along with Officer McIntire. He essentially alleges that all the named defendants were indifferent to his serious medical needs.

He arrived in South Bay Correctional Facility in March of

2010. Dr. Dauphin was deliberately indifferent to his medical needs. He examined his back and side and found abnormalities. He reviewed the plaintiff's medical file and X-rays taken in 2007, indicating mild degenerative disc disease, and prescribed no treatment. The plaintiff received no treatment until August of 2011, when he complained of pain radiating down his left leg. He contends the pain medication prescribed did not work. X-rays taken in 2011 indicated significant changes in his spine. Dauphin was aware the plaintiff was in pain, but intentionally delayed or prolonged care for years. In September of 2011, Dauphin discontinued a medication which did not work and prescribed 600 mg of Ibuprofen. In that same month he received an MRI demonstrating his various spinal problems had escalated. Although surgery was recommended by another physician, he contends Dauphin refused surgery, claiming it would not work. He delayed and prolonged surgery, causing him extreme pain over a long period of time.

He alleges that Health Administrator Finnisse ignored his medical problems in her responses to his grievances. She denied his request for surgery, stating that it was recommended he try other means before surgery. He contends she prolonged surgery based upon budget concerns.

He alleges the Warden, along with Dauphin and Finnisse, prolonged and delayed treatment, causing him unnecessary pain.

He claims that Dauphin recommended a consultation with Dr. Lins, an Orthopedist, who recommended epidural injections, but informed him it would provide only temporary release. Lins also told him he could not do anything without authorization from the facility.

He claims the Medical Director Dr. Heller, ignored his condition in 2012, and provided various inadequate pain medications. He contends Heller denied a plan for a prescribed course of treatment, and was indifferent to his needs for physical therapy.  He claims Heller retaliated against him by discontinuing previously established treatment, when he initiated complaints. He further contends that Dr. Heller was made aware that injections from the New England Compounding Center were infected and that patients receiving such injections should be carefully watched, as there had been resulting illnesses and deaths. He claims that Heller stated there was no emergency, and denied him treatment for his symptoms after being injected.

He names the CEO of the  New England Compounding Center in Massachusetts for contaminated injections used at his place of incarceration, causing him injury.

Officer McIntire was also indifferent to his pain when he collapsed in his dorm and McIntire forced him out of a chair.

C.   <u>Analysis of Sufficiency of Complaint</u>

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).  An Eighth Amendment claim contains both an objective and a subjective component. <u>Taylor v. Adams</u>, 221 F.3d

5

1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11 Cir. 1989).

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a §1983 claim. Estelle v. Gamble, supra. In fact, once an inmate has received medical care, courts are hesitant to find that an Eighth Amendment violation has occurred. Hamm, supra. Treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure," Murrell v. Bennett, 615 F.2d 306, 310 n. 4 (5 Cir. 1980). It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, supra at 1058.

Moreover, the Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not

a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim). See Ledoux v. Davies, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Ramos v. Lamm, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), cert. denied, 450 U.S. 1041 (1981); Smart v. Villar, 547 F.2d 112, 114 (10 Cir. 1976) (same); Burns v. Head Jailor of LaSalle County Jail, 576 F.Supp. 618, 620 (N.D. Ill., E.D. 1984) (exercise of prison doctor's professional judgment to discontinue prescription for certain drugs not actionable under §1983).

1. Serious Medical Need

The plaintiff has sufficiently alleged that he had serious medical needs. The plaintiff has spinal issues, resulting in severe pain.

2. Deliberate Indifference

The plaintiff's allegations against Drs. Dauphin and Heller may state a claim of deliberate indifference. At this preliminary stage, it is difficult to discern whether allegations that they provided pain medication that did not work or that they delayed surgery actually states a claim of deliberate indifference. However, this claim will require further factual development to determine whether the defendants were deliberately indifferent to his medical needs or attempted to take a more conservative approach

to his treatment.

Courts have held that pain, if experienced over sufficient time, may qualify as a serious medical need. See; McElligott v Foley, 182 F.3d 1248 (11 Cir. 1999). The plaintiff contends he was in extreme pain over a period of years, and that these doctors did not properly treat him. Therefore the complaint should continue against Dr. Dauphin and Dr. Heller.

The plaintiff further alleges that Dr. Heller retaliated against him for filing grievances by stopping his medication. In certain circumstances, retaliation may violate the inmate's First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)).

The analysis applied in this Circuit to a prisoner retaliation claim requires a "mutual accommodation" between the penal institution's legitimate needs and goals and the prisoner's retained constitutional rights, under the "reasonableness" test set forth in Turner v. Safley, 482 U.S. 78 (1987). Adams v. James, supra, at 948. At this preliminary stage, the plaintiff has stated a claim for retaliation.

Dr. Lins is an orthopedic specialist, referred for consultation by the prison. He diagnosed the plaintiff's condition, but stated that he could only treat the patient based upon approval by the prison facility. It does not appear that he deliberately ignored the plaintiff's condition. He should be dismissed.

9

He claims the Warden and Finnisse, the Health Administrator delayed his treatment. The Warden appears to have been named in his supervisory capacity. His liability is predicated solely on his position as supervisor. Such liability, however, may not be predicated on the theory of respondeat superior. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability) The plaintiff has failed to demonstrate a Monell claim against this defendant and he should be dismissed.

The plaintiff was dissatisfied with the grievance responses by Finnisse. To the extent that the plaintiff contends that the defendant in this case failed to properly respond to, or denied his grievances, such failures, in and of themselves, do not rise to a constitutional level so as to constitute a denial of due process. This is because the Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of state inmates, the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7

Cir. 1996); <u>Hoover v. Watson</u>, 886 F.Supp. 410, 418 (D.Del. 1995); <u>Brown v. Dodson</u>, <u>supra</u> at 285. Thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, <u>Buckley v. Barlow</u>, <u>supra</u>, 997 F.2d at 495; <u>Hoover v. Watson</u>, <u>supra</u>, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by an administrative refusal to entertain his grievance. <u>Flick v. Alba</u>, <u>supra</u>, 932 F.2d at 729. Here, the plaintiff has had access to the courts.

Finnisse, a Health Service Administrator, responded to the plaintiff's grievances, stating his records indicated he had been seen by a specialist and that less drastic methods, such as epidural injections and physical therapy were to be tried prior to surgery. (DE#1p18). Finnisse was not a treating physician, but merely responded to grievances based upon his record. This defendant should be dismissed.

The claims against Officer McIntire are unclear and fail to state a constitutional claim. This defendant should be dismissed.

The CEO of the New England Compounding Center is sued because allegedly the syringes were infected. This is not a constitutional claim, but a state tort for negligence and relief is to be found in the state courts. Further, the company has filed a notice of bankruptcy, stating that all actions against them are stayed.

### III. <u>Conclusion</u>

It is therefore recommended as follows:

1. Claims for denial of adequate medical treatment continue against Drs. Dauphin and Heller, and against Dr. Heller for retaliation.

2. Claims against Warden Levins, Finnisse, Dr. Lins and Officer McIntire, and the CEO of New England Compounding Center be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 15th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Darrel E. Cummings, Pro Se
      #088532
      South Bay Correctional Facility
      Address of record