```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-81413-CIV-DIMITROULEAS
                              MAGISTRATE JUDGE P.A. WHITE
```

DARREL E. CUMMINGS,            :

    Plaintiff,             :

v.                             :     SUPPLEMENT REPORT OF
                                       MAGISTRATE JUDGE
NEW ENGLAND COMPOUNDING
CENTER, ET AL.,                :

    Defendants.            :
_____

## I. Introduction

The pro-se plaintiff, Darrel E. Cummings, filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking monetary and injunctive relief for denial of adequate medical treatment.(De#1) The plaintiff is proceeding *in forma pauperis*.

This civil action is before the Court for a screening of amended complaint (DE#21).

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

        \* \* \*

>     (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     *   *   *
>
>     (B) the action or appeal –
>
>     *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

   B. History

   A summary of the facts reveals that the plaintiff, confined in the South Bay Correctional Facility in March of 2010 claimed that several defendants were deliberately indifferent to his medical needs. He contends he has degenerative disc disease, causing great pain and has been given other treatments, but has been refused surgery. A detailed Report and Recommendation were entered, recommending that the claims for denial of adequate medical treatment continue against Drs. Dauphin and Heller, and against Dr. Heller for retaliation. The Report further recommended dismissal of the remaining defendants. An Order entered by United States District Judge William Dimitrouleas adopted the Report in part, but

allowed the claims to continue against Finisse and stayed the action as to the Currently bankrupt New England Compounding Center.

The plaintiff was given permission to amend his complaint against Officer McIntire and to add additional defendants in support of a claim of retaliation. The plaintiff filed an amended complaint on March 26, 2013.

### C. Amended Complaint (DE#21)

The plaintiff reiterates the claims raised in his initial complaint, however he includes more specific information as to McIntire. He claims she was told he had undergone recent surgery, but ignored his pain and medical condition. When he informed her he could not stand or walk, she forced him out of the chair. He then fell, aggravating his injury, while she stood there and watched. He was later picked up by other nurses and placed in a wheel chair. McIntire later stated she was not aware of plaintiff's conditions. At this stage, it appears the plaintiff has stated a claim against McIntire which requires further development of the facts.

### III. Recommendation

1. It is therefore recommended that the amended complaint shall be admitted <u>solely</u> as to permit the claim of denial of adequate medical care to continue against Officer McIntire. (DE#21)

2. She will be served by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 5th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Darrel E. Cummings, Pro Se
    #088532
    South Bay Correctional Facility
    Address of record