```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 12-81413-CIV-DIMITROULEAS
                                    MAGISTRATE JUDGE P. A. WHITE

DARREL CUMMINGS,                :

        Plaintiff,              :

v.                              :           REPORT OF
                                          MAGISTRATE JUDGE
CEO BARRY CADEN, et al.,        :           (DE#17 & 22)


        Defendants.             :
_____
```

This Cause is before the Court upon the plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order. [DE#s 17 & 22).

Darrel Cummings, currently incarcerated at the South Bay Correctional Facility, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 seeking monetary damages and other relief for denial of adequate medical treatment.  The plaintiff has been granted leave to proceed in forma pauperis.

Motion for Preliminary Injunction (DE#17)

The plaintiff suffers from third degree spondylolisthesis and degenerative disc changes, which causes severe pain. In this motion the plaintiff seeks immediate surgery for fusion of his back to prevent further permanent disability. He seeks this relief from Michael Crews, the Secretary for the Department of Corrections, Warden Levins, South Bay Correctional Facility, and the Health Service Administrator Ms. Finesse.

1

The preliminary injunction the plaintiff seeks is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors, as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1128 (11 Cir. 2005) (citations omitted), cert. denied, 126 S.Ct. 2862 (2006). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11 Cir. 1998).

In this case, the claims in the motion are also the gravamen of the plaintiff's complaint. By Order of United States District Judge William Dimitrouleas, following the entering of a Report and Recommendation by the Undersigned, Defendants Dauphin, Heller, and Finisse were served for deliberate indifference to the plaintiff's medical needs.

Service was ordered upon Finisse on March 18, 2013, and has not been completed. Crews and Levins have been dismissed from this case. The remaining named defendant for purposes of the Preliminary Injunction is Finisse. When service is completed upon this defendant, the plaintiff may renew his motion for Preliminary Injunction.

Therefore it is recommended that the motion for preliminary injunction be dismissed without prejudice as premature (DE#17).

<u>Motion for Injunction and Restraining Order</u> (DE#22)

The plaintiff in his motion states he is being retaliated against for filing lawsuits by Warden Levins and Assistant Librarian Rootes, who are attempting to hinder his litigation. He claims Rootes denied a request for priority legal access to comply with a deadline of a Massachusetts Court issued Order. He filed a grievance to Levins. Ms Rootes refused to schedule a telephonic hearing and he could not prepare motions. In March of 2013, Rootes denied him entry to the Library and asked him to leave on multiple occasions. She also kept his approved request and wrote a disciplinary report against him. He states he has not been able to file a continuance in the Massachusetts Courts.

In his complaint, the plaintiff stated a claim against Dr. Heller for retaliation, and was Ordered by Judge Dimitrouleas on March 13, 2013, that he must file an amended complaint, if he wished to add additional defendants to the claim. The plaintiff filed an amended complaint on March 25, 2013. The Amendment has not yet been screened, however it appears that Rootes was not mentioned in the amendment and the incident of denial of access to the law library was not included. Instead, the plaintiff filed a second Motion for Temporary Restraining Order alleging retaliation. This is not in compliance with Judge Dimitrouleas' Order. Rootes is not a defendant and Crews has been dismissed.

It is therefore recommended that the motion for Temporary Restraining Order (DE#22) be denied, and the plaintiff either file

an amended complaint related to the issue of retaliation or Dr. Heller shall remain the sole defendant as to that claim.

Lastly, the plaintiff is cautioned that service has been returned un-executed for Defendant Dauphin. The Marshal noted the defendant no longer is employed at South Bay Correctional Facility, and no further information is known for this defendant. It is the plaintiff's responsibility to file an updated address for this defendant or risk dismissal.

Objections to this Report may be filed with the United States District Judge within fourteen days following receipt of this Report.

Dated at Miami, Florida, this 5th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Darrel Cummings, Pro Se
     DC No. 088532
     South Bay Correctional Facility
     Address of record